PHILIP G. READING, appellant,

*v.*

ISAAC S. STOVER and others, respondents.

</div>

A bill is not demurrable if it contains equitable merits, although it be admitted that some of the other circumstances stated cannot be of avail.

On· appeal from a decree of the chancellor, reported in
.Stover v. Wood, 4 Stew. 418.·

    Mr. Edward W. Evans, for appellant.

    Mr. J. N. Voorhees and Mr. J. T. Bird, for respondents.

'The opinion of the court was delivered by

BEASLEY, C. J.

The legal situation of these litigants, with respect to this
·controversy, is this, as it is exhibited in this bill:    The
respondents were the complainants in a suit in chancery,
which is reported in 11 C. E. Gr. 56, and on appeal
in this court, in 1 Stew. 248.   The purpose of that proceed-
ing was to reinstate a mortgage which it was alleged had
been cancelled by fraud.   In the course of taking the
evidence it was disclosed that, when that bill was filed, the
title to the mortgaged premises had been conveyed, by an
unrecorded deed, to a person who was not joined as a
defendant.   The chancellor having given a decree to the
complainants, and the case being brought here, this court
agreed to that result, and re-established the mortgage as to
the parties then litigating, leaving the effect of such decree
upon the rights of the parties not joined to be ascertained
and adjudged when they should have been formally brought
into court,· if it was desired to affect them by the decree.
In order to avoid the hardship that might arise from the
·decision in this court re-establishing the mortgage clouding
the title of such absent person for an indefinite period of
time, it was therein provided that the complainant, under
penalty of losing the benefit of the appellate decree, should
commence a foreclosure of the mortgage reinstated, within
six months from the date of the determination in this court.
It now appears that, at the time of the rendition of this
decree in this court, a foreclosure suit had then been begun,
founded on the mortgage in question.   A demurrer was

filed to that bill, which being sustained, and that suit thereby failing, the present one was brought. To this last bill a demurrer has been interposed, and it is from the order overruling this demurrer that the present appeal has been brought.

I altogether agree with the chancellor in the view that there is no substance in the exception taken to this bill. That exception is, that this suit was not begun within six months after the decree of this court re-instating the before-mentioned mortgage. But what significance has that fact on the right to sustain this suit? The penalty of allowing the six months to run out before the inception of new proceedings, was the loss of the benefit of that decree, and the present bill sets out the alleged fraud, which resulted in the destruction of the mortgage in question, and if such fraud be admitted the complainant is entitled to a decree in his favor, independently of the original decree reviving such mortgage. Whether, under the present conditions of the case, he can claim any benefit of the decree of this court, is not a question now to be passed upon, because it is clear that such decree, as I have said, is not a necessary part of his equitable claim. The complainant is entitled to the aid of the court on the facts stated in this bill, quite irrespectively of the circumstance that this court decided, when the case was formerly before it, that he was entitled to the relief then prayed. The consequence is, the demurrer was rightly overruled, and the decree should be affirmed.

<div style="text-align:right">Decree unanimously affirmed.</div>